Good morning, Your Honors. May it please the Court, my name is Timothy Canning, and I represent Appellant Richard Sacks in this matter. Preliminarily, I would like to reserve some time for a rebuttal. You have to manage it yourself. Thank you. Mr. Sacks also is in our courtroom today, sitting in the back row back there. This case should be remanded to the California Superior Court because there is no subject matter jurisdiction in the federal courts over this case as it is pled. Only state law causes of action are pled in the complaint itself. The Securities Exchange Act does not preempt any of the causes of action that have been alleged. And there is no substantial question of federal law that is presented by the facts or by the case as alleged. If I could just give a brief factual background. I think we are familiar with it, so we understand the background of the case and your time is limited. It seems to me, you try to distinguish SPARTA by saying that your client is not a defendant. It seems to me that's not exactly what SPARTA says. How else do you distinguish SPARTA from your case? Well, SPARTA is different in a number of different respects. First, in SPARTA, the claim that was being asserted could only arise under the Securities Exchange Act. In SPARTA, the plaintiff was claiming that his stock, a company, the company's stock had been delisted from the NASD stock exchange. That kind of a claim, as the Ninth Circuit recognized, doesn't have any analog whatsoever in the state courts. Instead, the only way that that claim has any legs whatsoever is if it's brought under the Securities Exchange Act. And that, from my reading of SPARTA at least, that was probably the key point of that case. Whereas here, for example, it really wouldn't matter whether this was a case that was brought arising under the FINRA rules or if this was a case brought arising under the AAA rules or the JAMS in-dispute arbitration rules. The claims would still be the same. The burden of proof on my client would still be the same. But isn't it true that Sox brought this action to enforce the Securities Exchange Act of 1934 and its rules? No, he did not. He brought this action to essentially to recover damages arising out of the arbitrators, essentially preventing him from representing his client in an arbitration proceeding, which is very different from trying to enforce the rules of FINRA. But what part of the claim is, is that the arbitrators did not comply with the FINRA rules when they rendered their decision, barring my client from representing his client. But it's not an attempt to enforce those rules instead of an attempt to recover damages. I have a difficulty cutting that one, especially with Sparta. Maybe you could explain that to me in more detail or to Judge Thomas, who authored that for the Court. Certainly, I'd be pleased to. Sparta was a case in which the plaintiff sought damages from the predecessor to FINRA. And here, for example, Mr. Sachs is not seeking damages from FINRA or from the NASD. Mr. Sachs is seeking damages from the arbitrators themselves. And the arbitrators are not employees or they're not employees of FINRA. They don't have any relationship with FINRA other than having been appointed as arbitrators to the case. Under the Act and under the rules? Under the FINRA Code of Arbitration Procedure, correct. Well, once you appoint them pursuant to the Securities Exchange Act or its rules, don't you automatically have jurisdiction in the Federal Court? Well, the arbitrators weren't appointed so much under the Securities Exchange Act. They were appointed under FINRA rules. Which is? Correct. The FINRA rules are, in fact, approved by the Securities Exchange Commission. I don't see how you can cut that for jurisdiction. Here, under the Securities Exchange Act, it essentially creates jurisdiction for claims that are created by or essentially created by the Securities Exchange Act. And this claim is not created by the Securities Exchange Act. Again, it's almost irrelevant to Mr. Sachs' claim as to whether or not the Securities Exchange Act applies or whether it doesn't or what the provisions are, because this claim is not being created under the Securities Exchange Act. True, but it requires construction of the rules. It does require or will require an interpretation of the FINRA rules. Why doesn't that afford jurisdiction? That does not because the FINRA rules themselves, and whenever there's an issue of FINRA rules, does not create subject matter jurisdiction. For example, in petitions to vacate an arbitration award that's rendered by FINRA arbitrators, the mere presence of the fact that maybe, or an allegation at least, that an arbitrator had violated FINRA rules is not enough to create subject matter jurisdiction. The Federal Arbitration Act doesn't create subject matter jurisdiction itself, and the FINRA rules themselves can't be relied on to create subject matter jurisdiction, and those cases typically either are remanded or dismissed. I don't know why we're up here, other than maybe your client is disturbed once again by the fact that the SEC has been vacated, and the SEC has been granted some money from the arbitrators, but doesn't he have jurisdiction to do what he wanted to do now under R. Sachs v. SEC, once more authored by Judge Thomas? Yes, Your Honor. At this point, where that rule stands, the approval by the SEC has been vacated. So why shouldn't we just consider this thing moot, or is your client insisting upon wanting to get a pound of flesh off the arbitrators? He is interested in trying to assert his rights to damages that he sustained as a result, even though the as a result of the arbitrators barring him. Even though the Ninth Circuit has vacated, essentially vacated that rule, it didn't put Mr. Sachs back in the position that he had been in. He still sustained damages. He's being retroactive, and that means it doesn't apply to him. The only thing it doesn't do for him is it causes him a little consternation and has to hire a lawyer, but you're suggesting that there is no mootness here because he wants damages from the arbitrators for this decision. Yes, Your Honor. Even though it doesn't change his position as far as his professional ability is concerned because it's not retroactive, the ruling is not retroactive to him? Going forward, Your Honor, that's correct. He can still now, especially after the Ninth Circuit's decision, he can represent parties in federal arbitration, but it doesn't change what's happened in the past, which is that he was denied the opportunity to fulfill his contractual obligations to his client. But aren't you really imposing on the arbitrators the same liability retroactively that you were so affirmatively seeking in S.A.C.S. 1? In other words, sure, we said that the rule doesn't apply, but the arbitrators didn't know that then, and now you're seeking liability and asking us to retroactively apply our rule to create liability. Well, the liability is not created by the presence of that rule, or the presence or even the absence of that rule. The liability is created by the arbitrators exceeding their authority, and under the rule as it existed at the time, the arbitrators nonetheless still exceeded their authority. Why is that enough to overcome arbitral immunity? Just because one acts in excessive authority doesn't necessarily mean that it's in clear absence of jurisdiction. In this particular case, I think it overcomes the arbitrator immunity primarily because Mr. S.A.C.S. is not a party to the case. He never agreed to let the arbitrators make a decision, and even under FINRA arbitration, it's still a matter of contract. You can't force people to go into FINRA arbitration unless at some point they've signed a contract to agree to submit to that, to the arbitrator's authority, and Mr. S.A.C.S. did not. He did not? He did not sign any agreement to arbitrate. Isn't he bound by what his client has done? His client did agree to arbitrate. Isn't he bound in representing his client to what his client has done for purposes of this case? For purposes of this case, no. I don't think that there's any grounds to hold Mr. S.A.C.S. obligated to arbitrate. It would be different certainly in a law situation. If you're an attorney and your client signs something, if you're going to represent him, you're going to do it in the shoes of the client. I don't get the distinction here. The distinction is that Mr. S.A.C.S. is being essentially bound by a decision made by, essentially by arbitrators who don't have any independent authority. In distinction to a court proceeding where the judges have that kind of authority inherent, both either constitutional or statutory, but arbitrators have authority only to the extent that they have a contract that gives them that authority. And here, Mr. S.A.C.S. was not a party to that contract. Isn't there a particular rule that expressly states that the panel has the authority to interpret and determine the applicability of all provisions under the Code? Yes, Your Honor. There is that provision was in place at the time it's to us. That does not give arbitrators authority to do whatever they want, however. I think they're still restricted by, essentially based on the initial contract agreeing to arbitrate. Your time has expired, but we'll give you a couple of minutes for rebuttal. Thank you. I appreciate that. Thank you. Good morning, Your Honors. May it please the Court. Ethan Detmer of Gibson, Nunn and Crutcher on behalf of the arbitrators, Mr. Dietrich and Ms. Bosch. If I may, Your Honor, I'd like to start, Your Honors, I'd like to start with a candid admission by Mr. Canning during his argument that resolution, and this is on the jurisdictional point, resolution of his client's claims will require construction of the FINRA rules. And I would submit that under this Court's decision in Sparta Surgical, that that resolves the jurisdictional issue. The question in that case and the rule from that case is, even if you have State law claims, which obviously Mr. Sachs brought in Marin County Superior Court, if the resolution of those claims depends upon and must be resolved based on the interpretation of FINRA rules, then jurisdiction is appropriate in the Federal courts and not in the State courts. And I think that that interpretation of Sparta was reinforced by this Court in the Lippitt decision, which although it came to the opposite conclusion, it pointed out that the facts in that case were different. In Sparta, the Lippitt Court said the plaintiff had built his edifice of State law claims on FINRA rules, at the time NASD rules. And that is exactly what happened in this case. Mr. Sachs' State law claims are built on an edifice of FINRA rules. And with respect to the jurisdictional point, unless Your Honors have any questions about that, I'd be happy to move on to immunity. Go ahead. Okay. On the immunity point, Your Honors, I think there are essentially two arguments that Mr. Canning has raised. One is that he's not subject to immunity. My clients aren't entitled to immunity here, primarily because Mr. Sachs isn't a party to the arbitration. I think that's wrong for a number of reasons. One that Your Honor raised about he is bound by what his client did in the arbitration. But also, more importantly, I think the policy reasons that stand behind arbitral immunity and judicial immunity are the same, regardless of whether it's a party that brings the later lawsuit against the arbitrator or the judge, or whether it's a representative or an attorney for the party that brings that claim. The threat is the same, that a arbitrator or a judge will feel like he or she cannot be independent or unbiased if, as in this case, he's received letters from a lawyer or a representative or a party to the dispute in front of him saying, I will sue you if you decide against me. I think that... Let me ask you a prior question. Do you think that in construing immunity law in this context, that it is a matter of state law or federal law? Well, Your Honor, I think, frankly, I don't think it ultimately matters in this case. Right, but that's not my question. No, understood. And I think federal law, I think the Wazzell case that this Court decided resolves this question. And I think that would apply here. And I'm sorry, Your Honor, I haven't parsed out whether one or the other applies, because I think they lead to the same result in this case. Well, perhaps. But there are some California statutes that might apply if it's state law based. I believe the relevant California statutes are no longer in effect. I think they sunsetted. And I think the best case for Mr. Sachs is the case that caused those statutes to go into effect, the Barr case, which essentially held that if an arbitrator just doesn't render an opinion, just doesn't do anything, then he's breached his contract to the party. But it does make a difference, particularly as we consider this, whether federal or state law applies. And it may not be a meaningful distinction, but do you think that federal common law applies when you're considering the federal rules that apply to state claims, or do you think state law immunity applies? Your Honor, I would say, and I'm sorry I haven't considered this closely, but I would say that the federal law applies and the Wazzell case is controlling. Okay. Go ahead with your argument. In any event, as I said, the policy reasons that stand behind that rule of immunity are the same regardless of whether it's a representative like Mr. Sachs who brings the claim against the arbitrators or his client who brings the claim. So it really is a distinction that doesn't make a difference to the result of this case. I don't know if Your Honors have any other questions about the immunity point. I did want to raise one other issue, which was the mootness question that Your Honor raised, Judge Wallace. I think there is some question of mootness here, certainly given the circumstances you raised. However, I think my clients would be very concerned that if this Court were to dismiss this appeal on mootness and not reach the question of immunity, which my clients believe they're clearly entitled to, that there may be further action by Mr. Sachs against my clients, given the history of this. And I think that threat of further potential action against my clients is enough to go forward and make sure that there is a finding of immunity here, which we do think is important. If we agree with you. Understood, Your Honor. Understood. I suspect if your clients felt we weren't going to agree with you, they'd want us to dismiss it as moot. Well, that's right, Your Honor. But I guess I would look at the cases that Mr. Canning cited in support of his brief, saying that my clients acted outside their jurisdiction in bringing this, and therefore Right. No, I think the questions were directed to make sure that the case was going to go forward on damages, and he wanted to continue with it, and he said he did. Understood. That's as far as I'm concerned. As you see the situation, is there any essential difference between the arbitrators who are appointed under the Act and rules, and say, labor negotiation arbitrators? Is there a common law that is governing all arbitrators that are under jurisdiction of federal court? Well, Your Honor, I think it depends on how the case arises, and certainly this is somewhat of a complicated situation with respect to the rules that are being applied. As Your Honor mentioned earlier, these are rules that are approved by the SEC, and they are subject to the rules of the arbitrator's authority and the arbitrator's the rules under which they're proceeding. So to that extent, there is federal law around that. Obviously, there's also state law that governs contract, but that all points back to what are the rules of this arbitration that the parties have agreed to, and those are the FINRA rules. Yes. Well, if this were an ordinary arbitration case, we would look at the arbitrators and we would ask ourselves two questions. Did he go outside the contract of arbitration? Was there fraud? There's no challenge of fraud, so I've been focusing upon the arbitration itself, whether he went behind it or beyond it. As the law was at the time of the arbitration, it's different from the way it is now because of our retroactivity decision. Should that make a difference as to the power of the arbitrator under the arbitrator contract when the law is later comes into effect, was probably always was the law. We just found it, I guess. But does that change the liability of the arbitrator? No, Your Honor. I would say it definitely does not, and there are a number of reasons for that. One is that the law that applied at the time, the Rule 13-208 that this Court found could not be applied retroactively, is a rule that the arbitrators have full authority to decide. And I would submit that at the time, particularly given that the retroactivity question was not raised below, in the arbitration, I should say, my clients got the decision right given the law at the time. Now, I think the reason, or the main reason, why there's no question that there's no liability here is under the doctrine of judicial immunity and arbitral immunity, even if you got the question wrong and answered it wrong, you're still immune. It can't be that a judge or an arbitrator who is later reversed by a higher court or by an arbitration award is vacated, that they are then subject to liability by the other party. So to you, this change is just irrelevant because they have the right to be wrong so long as they're making a decision within the contract. That's correct, Your Honor, with respect to this case. As long as there's no fraud. And the people have agreed they would do it that way, and there's no harm, no foul. Well, Your Honor, I think that that is the policy decision that the courts have come to to say that the value of allowing judges and arbitrators to rule without the threat of liability is that important. And that general rule that we have applies here, as you understand it, to an arbitrator under these rules, under the SEC rules. I would agree with that, Your Honor. Shouldn't that be an objective test rather than subjective? In other words, let's say that the arbitrators have done something that imposed criminal liability, and they say, well, I thought we had the authority. That can't possibly be the rule, right? Well, I think that I might agree with that, Your Honor. And it's just the remedy of saying the appellate courts can just tell them they got it wrong isn't sufficient in that context. There's a Supreme Court case that we cited in our briefs that in the context of judicial immunity, there was a similarly extreme circumstance where a judge had approved a, and I see my time is up, but a judge had approved a sterilization of a minor and was later sued by, you know, by the, I think the minor's representative saying you didn't have the authority to do that. And the court went into some discussion of, you know, whether there was some authority and they found a statute that could be read maybe to allow them to entertain a petition, though never granted, to do that sort of thing. And the court said that's enough. That is jurisdiction, even though it's a rather extreme application of it. We have nothing like that here, obviously. I think for the reasons stated, there is a rule that says the arbitrators can apply these rules, and that's what they did. I think they got it right, but even if they didn't, they would still be immune. Any further questions? No. Thank you. Thank you. We'll give you two minutes. Yes, thank you. If I may just briefly address the question of arbitrator immunity, the distinction One second, would you put two minutes on that, so he knows what his time limits are? Very good, go ahead. Thank you. As far as arbitrator immunity, there is, I think, a significant distinction between immunity that arbitrators should enjoy versus immunity that the judiciary enjoys. That what enjoys? That, I'm sorry, the judiciary enjoys. Oh, judiciary. And especially as applied here, this is not a situation where we have a party to the proceeding who can, then if they're unhappy with the decision or feel like there has been some sort of misrepresentation or fraud or excess of authority, they can go to court and request the court to vacate the arbitration award. Why isn't that the remedy? That's not the remedy for Mr. Sachs because he's not a party. The statutes that require or that permit vacatur actions to be filed all require, both California and the Federal Arbitration Act, require that it be brought by a party to the arbitration. And that remedy is not available to Mr. Sachs. The other reason for not applying arbitrable immunity here is that the arbitrators essentially determine the rights and obligations of someone who is not a party to the arbitration contract. And that's what distinguishes, I think, the arbitrable immunity from judicial immunity. Why is that so? What they said to the parties was not that you can't have representation, but you can't use this person to represent you because he's been subject to censure by the SEC and he's not a lawyer. And that was the rule at the time. Why, it seems to me it's kind of striking that you're changing the ground rules on the arbitrator, and then they'll have to suffer personal damages. At the time, they were right, weren't they? At the time, they were not, and I did for a couple of different reasons. One of which is that under the way the rule is written, it was actually not within the arbitrator's authority to make that decision. The appropriate course was for the arbitration respondent to go to court and get a decision by a court or by some other regulatory agent. Is that right? I thought the arbitrators were allowed by the rule to make that decision. I will submit that it isn't a model of clarity as to who has that authority. It doesn't say arbitrators have that authority. But the implication is that the parties would need to go to court to get a decision on that as far as representation, that FINRA was not going to make a decision as to who can represent and who can't represent parties in arbitration. And the distinction for arbitrator immunity is that here the decision by the arbitrators impacted someone who really wasn't a party to the arbitration contract. He never gave the authority to the arbitrators to tell him that whether you can or cannot represent a party in the underlying arbitration. Okay, any further questions? Thank you. Okay. Thank you very much for your arguments. Thank you. It's an interesting case and the case will be submitted for decision. Coleman versus Nip is submitted on the briefs and we'll hear argument in Stein versus Ryan.
judges: George, Wallace, Thomas